IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00687-BNB

MANUEL CASTILLO,

    Applicant,

v.

JOHN DAVIS, Warden,
TOM CLEMENTS, Director, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Manuel Castillo, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Correctional Complex-Main and Boot Camp in Buena Vista, Colorado. Mr. Castillo, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally because Mr. Castillo is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Castillo will be ordered to file an Amended Application.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Castillo go beyond notice pleading. *See Blackledge v. Allison*,

431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Castillo must allege both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the Application Mr. Castillo submitted to the Court and finds that it is deficient. Mr. Castillo fails to assert a statement of the claims he intends to raise in this Court on Pages Five and Six of the § 2254 habeas form.

The Amended Application must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Castillo file an Amended Application that complies with this Order. It is

FURTHER ORDERED that Mr. Castillo shall obtain the Court-approved 28 U.S.C. § 2254 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Castillo fails within the time allowed to file an

Amended Application as directed, the action will be dismissed without further notice.

DATED April 20, 2012, at Denver, Colorado.

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge

Amended Application as directed, the action will be dismissed without further notice.

DATED April 20, 2012, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge