IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00687-BNB

MANUEL CASTILLO,

    Applicant,

v.

JOHN DAVIS, Warden,
TOM CLEMENTS, Director, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

I.  Background

Applicant Manuel Castillo is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Correctional Complex-Main & Boot Camp in Buena Vista, Colorado.  Mr. Castillo, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Magistrate Judge Boyd N. Boland reviewed the Application, found that Mr. Castillo failed to state the claims and supporting facts he desired to raise in this action, and instructed Mr. Castillo to file an Amended Application.  On May 11, 2012, Mr. Castillo complied.

In the May 11 Application, Mr. Castillo raises three claims challenging the validity of his conviction and sentence in Case No. 2004CR77 in the Yuma County District Court of Colorado.  Magistrate Judge Boyd N. Boland entered an order on May 14, 2012, directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 27, 2012, Respondents filed a Pre-Answer Response. Rather than filing a Reply to the Pre-Answer Response, Mr. requested a stay of the proceedings until his Colo. R. Crim. P. 35(a) postconviction motion is exhausted in state court. Magistrate Judge Boland directed Respondents to respond to the request for a stay, which they did on August 17, 2012.

II. Analysis

The Court must construe liberally Mr. Castillo's Application and request for a stay because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice as a mixed petition.

### A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Castillo's Application is timely under 28 U.S.C. § 2244(d). Based on the findings below, the Court concurs that the Application is timely.

### B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); see also *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents contend that although the Application is timely, Claim Three fails to assert a federal constitutional violation and Claims One and Two are procedurally defaulted. They further assert in response to Mr. Castillo's request for a stay that even if his claims were not procedurally defaulted in state court there is no risk that the one-year time limitation under 28 U.S.C. § 2244(d) would expire during the pendency of the Mr. Castillo's current postconviction motion. Respondents further assert that when the pending postconviction motion concludes Mr. Castillo will have seventy-eight days to present any exhausted claims to this Court.

The United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Mr. Castillo must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. For the following reasons, a stay and abeyance of this case is not proper.

The Colorado Supreme Court (CSC) denied certiorari review on June 16, 2008, in Mr. Castillo's direct appeal of his conviction and sentence. *See* Pre-Answer Resp., ECF No. 19-4, Ex. D. Mr. Castillo's conviction and sentence became final on September 15, 2008, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 30.1. (the last day of the period computed is included unless it is a Saturday, Sunday, in which event the period

runs until the end of the next day that is not a Saturday or Sunday). Accordingly, for purposes of § 2244(d), time began to run on September 16, 2008, the day after Mr. Castillo's conviction and sentence became final.

The time ran for forty-one days until October 26, 2008, the day prior to when Mr. Castillo filed a motion for sentence reconsideration. *See* Pre-Answer Resp., ECF No. 19-1, Ex. A at 8. The time was tolled from October 27, 2008, until February 9, 2009, when the time expired for Mr. Castillo to appeal the trial court's denial of the motion for sentence reconsideration. *See* Colo. App. R. 4(b) (In 2008, an appellant had forty-five days to file a notice of appeal.); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.")

The limitation period ran again from February 10, 2009, the day after the motion for reduction of sentence was final, until September 7, 2009, the day prior to when Mr. Castillo filed a Colo. R. Crim. P. 35(c) postconviction motion, *see* Pre-Answer Resp., ECF No. 19-1, Ex. A at 7, which is 210 days. The CSC denied certiorari review in the Rule 35(c) postconviction motion on November 14, 2011, *id.*, ECF No. 19-8, Ex. H. Although Exhibit A on Page Six indicates Mr. Castillo filed a Colo. R. Crim P. 35(a) postconviction motion on August 10, 2011, and a supplement on December 19, 2011, both parties agree that Mr. Castillo filed his Rule 35(a) postconviction motion on December 19, 2011, and another postconviction motion in February 2012. This Court, therefore, finds that including the time from November 15, 2011, the day after the CSC denied certiorari review in Mr. Castillo's Rule 35(c) postconviction motion, until

December 18, 2011, the day prior to when Mr. Castillo filed a Rule 35(a) postconviction motion, a total of thirty-four days, at the most 285 days have run against the one-year time limitation period.

The time during which a proper postconviction is pending in state court is tolled for the purposes of § 2244(d).  *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000).  As stated above, Mr. Castillo has a postconviction proceeding pending in the CCA.  Because only 285 days have run against the one-year time limitation, the Court finds no timeliness issue and no basis for staying the instant action until Mr. Castillo has exhausted his state court remedies.

III.  Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice as unexhausted and refrain from addressing the merits of Respondents' procedural default and lack of jurisdiction arguments.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Castillo files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that Mr. Castillo's request for a stay, ECF No. 20, is denied. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 17th day of October, 2012.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court